### IN THE

# SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF SULLIVAN, JULY TERM,

### A. D. 1833.

---

## JABEZ SHAPLEY *versus* AARON S. WHITE.

The court, in its discretion, may, on request of the jury, to whom a cause has been committed, give them instruction upon a question of law, after the court has adjourned for that day, although the counsel of the parties are not present.

And where such instructions are given, in writing, in answer to a written question, and the question and answer returned into court with the verdict, it furnishes no cause for a new trial. But it would be otherwise in relation to matter of fact.

TRESPASS, *quare clausum fregit.* Plea, general issue. The action was tried at the common pleas sitting in April.

In order to maintain the defence the defendant at-

tempted to show that he had been in the peaceable possession of the *locus in quo* for more than twenty years next preceding the commencement of the suit. The cause was committed to the jury just before the adjournment in the afternoon, and about ten o'clock in the evening the jury sent to the court, at their chambers, a written memorandum, as follows—

" The jury wish to be instructed what would amount to an interruption of peaceable possession if your Honors think proper.                    N. W., *Foreman.*"

To this request of the jury the court returned an answer, in writing, in these words—

" An entry upon land, claiming title, made with the knowledge of the adverse party, is an interruption of peaceable possession. The jury must form their own opinion from all the facts in the case, both as to the fact of peaceable possession and whether the same has been interrupted or not."

The counsel of the parties were not present, but the jury were directed to bring the question and answer with them into court, on the return of their verdict, which was done.

The jury having returned a verdict for the plaintiff for twenty-five cents damages,

*Coolidge*, for the plaintiff, moved for a new trial on account of the instructions having been given as aforesaid, and the action was, thereupon, transferred to this court upon a case saved. The counsel for the plaintiff cited, and relied upon, *Sargent* v. *Roberts*, et a. 1 Pick. 337.

*H. Hubbard* & *Chase*, for the defendant.

PARKER, J. delivered the opinion of the court. In the case cited by the counsel for the plaintiff, the jury sent word to the judge that they could not agree and requesting his directions, to which he returned for answer, that so much time had been consumed in the case that he was unwilling they should separate, " and giving such directions as would enable them to reconsider the cause in a

more systematic manner." We have no difficulty in acquiescing in the propriety of a decision, granting a new trial, under those circumstances. There was no application to the judge for any direction upon any matter of law, arising in the case, nor was it suggested that the disagreement arose upon any diversity of opinion among the jury upon any question of law involved in it. The instructions were, therefore, in fact, a new charge to the jury, and this not at their request. The reasoning of the opinion in that case, however, goes beyond the facts in the case, and would preclude the court from giving, after an adjournment, any answer to a question of law or fact without the presence of the counsel, and should we adopt the broad rules there laid down, the verdict in this case must be set aside.

Before coming to this conclusion, however, it may be proper to advert to the situation of this case, at the time the instructions were given.

The case had been committed to the jury, they had retired, and the court had adjourned until the next day. The question from the jury was sent at an hour when it was extremely inconvenient, if not impracticable, to assemble the counsel of the parties, and if an answer could not be given, as was done in this case, the jury must have been left in confinement, during the night, for want of intelligence upon a point of law which might be important in the case, and to which the attention of the court had not been called, or upon which the jury had not sufficiently understood the directions. Or, in order to escape this hardship, the jury might have been induced to agree upon a verdict upon such conjectures as they were able to form, upon the point in question, and in the latter case, had they mistaken the law, there would have been no way of correcting the error : whereas, in the mode adopted, they would be enabled to come to an intelligent result, and, if the court erred in the instructions, the error could be rectified in the same manner as if the

instructions had been given in open court; and there could be no uncertainty as to what directions were, in fact, given.

It would seem, then, that there could not any prejudice arise to either party from the course adopted.

The jury were relieved from any necessity of remaining until morning, because they could not proceed for want of sufficient knowledge of the law ; and the hardships of juries, although much less than they were formerly, are still quite sufficient without imposing upon them any unnecessary burden.

The parties had the advantage of having a consideration of the case, by the jury, with all the information upon matter of law that was desired, and were not exposed to the danger of a result founded upon conjecture, which, if mistaken, would have been beyond remedy.

The court gave the jury no directions or intimations in relation to the facts of the case, and in performing their appropriate duty, of instructing them upon matter of law, placed the instruction in such form that as full opportunity was afforded for exception to it as can exist in any case.

No exception to the law itself, as given to the jury, is suggested.

If, then, no prejudice has arisen, or can arise, to either party by such mode—if the ends of justice are likely to be promoted in this way, while by refusing an answer the rights of the parties might be left in some measure to chance, or an unnecessary hardship imposed upon the jury, the reasons against granting a new trial are very strong.

There is nothing in the nature of an adjournment, according to the practice here, which will lead to a different result.

It is the common course to consider such business as can be conveniently transacted at chambers during an adjournment.

Petitions, and motions of various kinds, are consider-

ed, and claims and bills of cost examined and allowed. The convenience of suitors and counsel is thus consulted, and the business of the term facilitated ; and we discover no reason why the court may not, with equal propriety, answer a question of law propounded by the jury, if the rights of the parties are fully secured, as was done in this case.

There are two cases in Johnson's Reports which bear upon this question.

*Thayer* v. *Van Vleet*, 5 Johns, 111, was a case on *certiorari* from a justice court. At the trial before the jury, the parties exhibited their proofs and the demand appeared to have been sufficiently supported. After the jury had retired they sent for the justice, who went to the room where the jury were sitting, and one of the jury asked him whether they could add any thing to the charge of the plaintiff, and the justice answered, no, and left them without any further being said. The court held that the fact of the justice going to the jury and answering the question of law put to him, was not an irregularity for which the verdict ought to be set aside— that there was no semblance of abuse, and the consent of parties might be inferred.

In *Bunn* v. *Croul*, 10 Johns. 239, it was held that it was irregular for the justice, after the jury had retired, to answer a question from them whether a particular point of evidence had been given, stating the evidence. A controversy might arise as to the correctness of the statement, which, as a matter of fact, could not be settled and corrected by the court, as matter of law may.

The principle to be deduced from these cases seems to be a sound one. If the jury, after an adjournment, put a question, respecting the facts of the case, to the court, it will be irregular to state the evidence relating to it ; but if they desire instruction, upon a mere question of law, that may be answered. It should, undoubtedly, be answered in such way that the parties may have an op-

portunity to have it corrected, if there is any error in the answer, and in this way all the rights of both parties are secured as effectually as if the answer was given in open court.

There must, therefore, in this case, be

*Judgment on the verdict.*